(No. 4119

ESTHER APPLEBAUM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1949.*

McFARLAND, MORGAN & STEARNS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

LANSDEN, J.

Esther Applebaum, claimant, filed her complaint on September 13, 1948, seeking an award of $2,500.00 for personal injuries sustained on September 14, 1946. It is alleged that claimant, while attempting to cross from the north to the south side of West Roosevelt Road, Chicago, Illinois, in front of number 729, was struck and injured by a jeep belonging to Company "F", Eighth Infantry, Illinois Reserve Militia, in consequence of the negligent operation of said vehicle by James Franklin,

2

Jr., a sergeant of the aforesaid unit of the State Reserve Militia.

Sergeant Franklin was served with a subpoena and called as a witness by claimant. He testified that he was travelling in an easterly direction upon Roosevelt Road on September 14, 1946, between the hours of 12 noon and 2:00 P. M. He was proceeding about twenty miles an hour. The accident occurred on Roosevelt Road between Union and Halsted. Union Street is a "T" intersection south from Roosevelt and ends on the north. Roosevelt Road is about thirty-five feet wide. Traffic was heavy; cars were lined up on both sides and the west bound traffic was blocked. As he reached a point alongside the safety island, a woman, whom he identified as claimant, ran into the left side of his jeep near the driver's seat. He first saw her when she came out from between the cars and ran at a "trot" across the street just as the front end of the jeep passed her.

At the time she was struck he was travelling in high gear at about twenty miles per hour. He came to a stop and went into a store to phone for assistance. Bugle Sergeant Elmer Johnson of Company B, 8th Illinois Reserve Militia, was a passenger in his jeep. Claimant was taken from the scene of the accident to a hospital. He knew that large numbers of pedestrians customarily cross the street at the place of the accident because there is no other place for pedestrians to cross. There were no stop signs at that point.

On cross-examination Sgt. Franklin stated that he was returning to the 8th Reg. Armory after having been instructed to inquire about some pies which had been ordered by the Regiment to be taken on a camping trip. Claimant stepped from the north side of the street which was to the left of the jeep, from between a line of station-

ary cars lined up all the way to the point of the accident.

Claimant testified that she had left the store in which she was employed at 669 West Roosevelt Road, on the southeast corner of Roosevelt and Union. She then went across the street to a cafeteria on the north side of the street. She walked east to a point opposite the west end of a safety island on the opposite side of the street. She looked eastward and then proceeded to cross until she reached the west bound street car tracks. The last thing she remembered was looking east for her "safety." She was struck at a point slightly north of the north rail of the east bound street car tracks. She was knocked unconscious and did not regain consciousness until 7:30 that evening at the Garfield Park Hospital. She stayed there ten days and was removed to Michael Reese Hospital and remained there about six weeks. At the time of the accident she was treated by Dr. Rosen and was still under the care of Dr. Philip Lewin at the time of the hearing. "All" her ribs were broken and she had a concussion. She still experiences pain in her side. Her doctor's bills were about $900.00, and her hospital and nursing expense about $700.00 or $800.00.

No departmental report was filed.

This complaint invokes Sec. 8 (c) of the Court of Claims Law which vests this Court with jurisdiction to determine claims against the State for damages in cases sounding in tort. It is, of course, essential to a recovery under this provision of the statute that claimant establish by a preponderance of the evidence that she was in the exercise of due care for her own safety and that the State, by and through its officers, agents and employees is guilty of negligence which proximately caused claimant's injuries. This she has failed to do.

The proof in this case is meagre, vague and insuffi-

4

cient. It is not possible for this Court to gather the facts and circumstances surrounding the occurrence in question from this record sufficiently to say with any degree of certainty who, if any one, was at fault. The inferences, if any, that may be drawn from this sketchy proof favor respondent rather than claimant. The greater weight of the testimony appears to show that claimant stepped out from between two parked cars; that she looked only in one direction, easterly and did not look in any other direction until she struck the left front side of the jeep which was travelling from a westerly direction. This would warrant a finding that claimant was guilty of contributory negligence and that her injuries resulted from her failure to exercise reasonable care for her own safety rather than the negligence of Sgt. Johnson. Any conclusion to the contrary would be based on conjecture.

The Court is of the opinion that if claimant had looked she would have seen the approaching jeep and that she cannot now be heard to say that she looked and did not see, when if she had looked she would have seen. Claimant's conduct from the record shows an absence of due care and caution for her own safety, and an award must therefore be and the same is hereby denied.